**SO ORDERED.**

**SIGNED November 21, 2019.**

_____
**STEPHEN D. WHEELIS
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA/MONROE DIVISION

**IN RE George Edward Brandon**                                            **CASE NO. 18-31715**
    **Eva Hatfield Brandon**

**ORDER OF CONFIRMATION OF POST-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN**

A Modified Chapter 13 Plan was filed by the Debtor(s) on September 23, 2019 (ECF No. 41) and noticed on an "if and only if" basis. All, if any, Objections having been resolved, overruled or withdrawn, and considering the Chapter 13 Trustee's Certification in Support of Confirmation of Chapter 13 Plan,

**IT IS ORDERED** that the Modified Chapter 13 Plan ECF No. 41 is hereby **CONFIRMED and the debtor(s) shall make monthly payments of : $740.00 per month for 5 months( November 2018-March 2019), then $1010.00 per month starting April 22, 2019 for 55 remaining months for a total of 60 months. The first plan payment is due November 22, 2018 and the same date thereafter.**

**IT IS FURTHER ORDERED that the following additional terms shall apply:**
    **1.**     **Valuation**. The value of the collateral for secured claims, if the Plan provides for such, is set at the amount(s) set forth in the Plan

    **2.**     **Payment Sequence**. Unless the Court enters an Order providing for a different payment sequence, to conform with the requirements of Code § 1325(a)(5)(B)(iii)(I), the Trustee must follow the payment sequence set forth below from payments received by the Trustee. Each numbered paragraph in subparagraph (b) is a level of payment. At the time of any disbursement, if there are insufficient funds on hand to pay any allowed claim in full, claims with a higher level of payment shall be paid any unpaid balance owed, in full, before any disbursement to a claimant with a lower

1

level of payment. If multiple claimants are scheduled to receive payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to claimants within that level on a *pro-rata* basis.

**(a)** The Trustee shall collect the percentage fee currently due from all payments under the Plan. *See*, 28 U.S.C. § 586(e).

**(b)** The Trustee must distribute--

**(1)** payment due under Code § 1326(a)(1)(C) (conduit adequate protection), if the Plan provides for such, which payment shall continue in equal monthly amounts post-confirmation until the Trustee has satisfied all claims due under Code § 1326(b)(1);

**(2)** payment of conduit ongoing monthly mortgage payments of the kind specified in Code § 1322(b)(2), if the Plan provides for such, for all such payments that become due after the commencement of the case and for each month thereafter in equal monthly amounts;

**(3)** payment due under Code § 1326(a)(1)(B) (conduit lease payment), if the Plan provides for such, and continue each month thereafter;

**(4)** payment due under Code § 1326(b)(1) (administrative claims), if the Plan provides for such, which payment shall commence as soon as practicable following confirmation until paid in full. If excess funds remain on hand after paying claims with a higher level of payment, then, unless otherwise provided in the Plan or this confirmation order, any excess funds on hand shall be paid toward allowed administrative claims, including any attorney's fee due under the Plan;

**(5)** payment to the holders of allowed secured claims (exclusive of an arrearage claim), if the Plan provides for such, in the respective amounts shown in the Plan as confirmed or as later modified, and pursuant to Code § 1325(a)(5)(B)(iii)(I), such payments shall continue for each consecutive month thereafter until said claim is paid in full;

**(6)** payment of home mortgage arrears, if the Plan provides for such;

**(7)** payment of specially classified claims, if the Plan provides for such, which payment shall be paid in the manner provided in the Plan;

**(8)** payment of claims entitled to priority under Code § 507, if the Plan provides for such, provided that in any event payment of such claims shall comply with Code § 1322(a)(2) and (4);

**(9)** payment of any remaining funds, *pro rata* to holders of allowed non-priority, unsecured claims; and

**(10)** payment of any debt or claim not addressed by this confirmation order shall be administered in accordance with the Plan and applicable laws.

**3. Attorney's Fees**. Attorney's fees are allowed in the amount set forth in the Plan, unless a greater amount is allowed by separate Order, and must be paid by the Trustee pursuant to the sequence of payments set forth above.

**4. Restrictions on Incurring Debt**. Debtor(s) shall not incur any non-emergency consumer debt, including the refinancing of real property debt or purchases on credit in excess of the aggregate of $1,000.00 per calendar year, without the written approval of the Trustee or order of the Court.

**5. Restrictions on Disposition of Property**. Debtor(s) shall not sell, dispose of, or transfer any property without Order of the Court.

**6. Claim Amount vs. Plan Amount for Sections 3.3 or 4.3 of the Plan**. Unless otherwise ordered by the court, to the extent Sections 3.3 or 4.3 of the Plan apply, the claim amount stated on a proof of claim controls over any contrary amounts listed in Sections 3.3 or 4.3 of the Plan. In the absence of a contrary timely filed proof of claim, the amounts stated in Sections 3.3 or 4.3 of the Plan are controlling.

**7. Timely Filed Claim Required**. Unless otherwise ordered by the court, the Trustee may not disburse any payment due under the Plan unless a proof of claim was filed before the expiration of the time for filing claims prescribed by Bankruptcy Rules 3002(c), 3004, or 3005(a), whichever is applicable. In the event the Plan provides for payment of a claim for which no proof of claim was timely filed and, thus, such creditor is not entitled to receive payment by the Trustee, the Debtor shall timely file a claim under Bankruptcy Rule 3004 to ensure payment.

**8. Tax Returns and Refunds**. In order to comply with the tax pledge in the Plan, complete and signed copies of <u>All State and Federal Tax Returns</u> filed during the term of this plan shall be provided by the Debtor(s) to their attorney each year within 21 days of the returns being filed with the taxing authority. Debtor's attorney shall promptly, upon receipt from Debtor(s), transmit the Tax Returns to the Trustee. Debtor's attorney shall also transmit, with these tax returns, a Certification of Tax Return and Refund/Payment Due signed by the Debtor(s) (on the prescribed form). The amount of any refund after exempt portions as calculated on the prescribed form shall be turned over to the Chapter 13 Trustee within 21 days of receipt. The Plan base shall be increased by the amount of the tax refund(s) administered by the Trustee. Nothing contained herein shall prohibit Debtor(s) from filing a motion on or before May 31 (or October 31, if applicable) seeking authorization to use all or any portion of such tax refunds upon a showing of substantial need.

**9. Deadline for Secured Creditors to File Deficiency Claim**. Unless the court orders otherwise, a secured creditor whose collateral is surrendered must amend a timely filed proof of claim to assert a deficiency, if any, within 120 days after the later of: (a) the date the collateral is surrender by Debtor(s); (b) the date of the entry of this Order; or (c) the date the stay is lifted. If a deficiency claim is not timely filed, the surrender of the collateral shall constitute full satisfaction of the debt owed to such creditor.

**10. Insurance Requirements.** To the extent required by any contract or agreement with a creditor, the debtor shall" (a) maintain insurance on all described collateral in an amount sufficient to protect the interest of the creditor therein; (b) name the creditor as "loss payee;" and (c) provide evidence of such insurance to the creditor.

**11. Sanctions**. Failure of any party in this case to abide by the terms of the Confirmed Plan and this Order may result in sanctions.

| | |
|---|---|
| /s/E. Eugene Hastings | /s/ Jeffrey T. Smith |
| **E. Eugene Hastings,** | **Attorney for the Debtor(s)** |
| **Chapter 13 Trustee** | |
| | Jeffrey T. Smith |
| | **Print Name** |

###